# EXHIBIT A

**MORGAN & MORGAN, PLLC**
By: Joseph Z. Swist, Esquire
Joseph.swist@forthepeople.com
Identification No. 322741
One Commerce Square
2005 Market Street, Suite 600
Philadelphia, PA 19103
267-780-2965 (Phone)
267-780-2950 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the Office of Judicial Records 28 APR 2026 11:20 am L. BREWINGTON

**JOANNE POOLE**
PO Box 106 Hibernia Road
Brandamore, PA 19316

Plaintiff,

v.

**WEST SADSBURY ASSOCIATES, L.P.**
120 W. Germantown Pike
Plymouth Meeting, PA 19462

And

**WOLFSON GROUP, INC.**
120 W. Germantown Pike
Plymouth Meeting, PA 19462

Defendants.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

APRIL TERM, 2026
No.

JURY TRIAL DEMANDED

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las

provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

# CIVIL ACTION COMPLAINT

## I. PARTIES

1. Plaintiff, Joanne Poole, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the Caption.

2. Defendant, West Sadsbury Associates, L.P. ("West Sadsbury"), is a corporation, partnership, limited partnership, and/or business association, or other business entity duly incorporated, organized, operating and/or existing pursuant to the laws of the State of Pennsylvania with its registered office address identified in the Caption.

3. Defendant, Wolfson Group, Inc. ("Wolfson"), is a corporation, partnership, limited partnership, and/or business association, or other business entity duly incorporated, organized, operating and/or existing pursuant to the laws of the State of Pennsylvania with its registered office address identified in the Caption.

4. At all relevant times herein, Defendant Wolfson conducted business activities within the County of Philadelphia, Pennsylvania, on a regular, systematic, continuous, and substantial basis.

5. Specifically, at all times, Defendant Wolfson owned, operated, controlled, leased, oversaw, managed, and/or derived substantial revenue from multiple properties it oversaw that are located in Philadelphia County. The commercial properties under its control are known as the Aramingo Crossings, which is located at 3800 Aramingo Avenue, Philadelphia, PA.[1]

6. At all relevant times, all Defendants owned, operated, managed, leased, oversaw, and/or controlled the real property located at 100 Commons Drive, Parkersburg, PA ("subject property").

---

[1] See, https://www.wolfsongroupinc.com/properties/aramingo-crossings/

7. At all times material hereto, all Defendants were responsible for providing a safe means of egress and ingress throughout the subject property, as well as inspecting, maintaining, repairing, and overseeing the area(s) in and around the location where Plaintiff fell.

8. At all times material hereto, the agents, servants, employees, office staff, and workers of all Defendants were responsible for providing a safe means of egress and ingress as well as inspecting, maintaining, repairing, and overseeing the area(s) in and around the location where Plaintiff fell.

9. At all times material hereto, all Defendants acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, office staff, and maintenance workers who were responsible for providing a safe means of egress and ingress, as well as inspecting, maintaining, monitoring, repairing, and/or supervising the subject property at the Defendants' direction, are better known to the Defendants than they are to the Plaintiff.

## II. THE EVENTS GIVING RISE TO THE CIVIL ACTION

10. On January 8, 2025, Plaintiff went to the subject property to shop.

11. At all times relevant hereto, Plaintiff was a business invitee and was lawfully on the subject property.

12. On the date of the incident, Plaintiff proceeded to exit the subject property.

13. While walking out of the subject property, Plaintiff was walking along the sidewalk area adjacent to the subject property, when Plaintiff was caused to trip and fall, suddenly and without warning, due to a defective and unsafe condition of the subject property.

14. At all times, Plaintiff neither saw, nor had reason to know of, the defective condition of the sidewalk.

15. At all times, the sidewalk was defective, lifted, uneven, slanted, raised, and constituted a tripping hazard.

16. Due to the conditions of the sidewalk, Plaintiff was caused to fall and suffered injuries.

17. Defendants created and/or knew the sidewalk was defective and knew that it posed a potential danger to people walking on the sidewalk.

18. Despite this, Defendants did not remedy or correct the dangerous conditions of the sidewalk.

19. Defendants created and/or knew of the fact that the sidewalk was defective, lifted, uneven, slanted, raised, and constituted a tripping hazard, and knew that it posed a potential danger to people walking on the sidewalk.

20. Despite this, Defendants did not remedy or correct the dangerous conditions of the sidewalk.

21. At all times material hereto, Defendants acted by and through their employees, agents, servants, and/or representatives, all of whom were acting within the course and scope of their agency or employment and on behalf of said Defendants.

22. The aforesaid fall was in no manner caused by any act, or failure to act, on the part of Plaintiff, but was caused solely and exclusively by the negligence, carelessness, and tortious conduct of the Defendants.

23. As a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendants, Plaintiff suffered injuries/damages, some or all of which may be permanent, as further addressed in this Complaint.

## III: <u>INJURIES/DAMAGES SUSTAINED BY PLAINTIFF</u>

24. As a direct and proximate result of Defendants' negligence, carelessness, and tortious conduct, as described elsewhere in this Complaint, Plaintiff sustained the following personal injuries and damages, some or all of which may be permanent in nature:

a) Broken right radius requiring surgery and revision surgery;

b) Torn tendons and ligaments in the right hand;

c) Bilateral knee pain;

d) Bilateral hip pain;

e) Exacerbation of lumbar pain;

f) Exacerbation of back pain;

g) Sacroiliac pain;

h) Lumbar and Cervical radiculopathy;

i) Anticipated future surgical repair(s);

j) Anticipated need for injections;

k) Need for physical rehabilitation;

l) Past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith;

m) Diminished quality of life;

n) Past and future inability to engage in activities of daily living; and

o) Past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

**IV: <u>CAUSES OF ACTION</u>:**

**COUNT I – NEGLIGENCE/CARELESSNESS**
**<u>PLAINTIFF vs. ALL DEFENDANTS</u>**

25. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if each was fully set forth herein.

26. The negligent, careless, and tortious conduct of Defendants consisted of, but is not limited to, the following:

a) Failing to maintain the sidewalk of the subject property in a reasonably safe condition;

b) Failing to implement sufficient policies and procedures for inspecting, maintaining, and repairing the sidewalk on the subject property;

c) Failing to enforce policies and procedures for inspecting, maintaining, and repairing the sidewalk on the subject property;

d) Failing to undertake sufficient inspections of the subject property and sidewalks for hazardous conditions thereon;

e) Failing to warn persons, such as Plaintiff, of the conditions of the sidewalk on the subject property;

f) Allowing the subject area to remain defective, raised, uneven, slanted, and unlevel, knowing, or having reason to know, it would create an unsafe condition on the subject property where pedestrians were known and expected to walk along;

g) Failing to warn persons, such as Plaintiff, of the presence of a sudden lift and uneven condition in/of the sidewalk at the subject property;

h) Failing to provide signage and/or warnings;

i) Failing to exercise reasonable care for the safety of the Plaintiff;

j) Failing to undertake sufficient inspections of the property for dangerous conditions;

k) Failing to remedy the known hazardous condition of the sidewalk of the subject property;

l) Creating and permitting to exist a dangerous and hazardous condition for invitees;

m) Failing to discover unsafe conditions on the property which posed an unreasonable risk to invitees upon inspection of subject property;

n) Failing to remedy unsafe conditions on the subject property despite having sufficient time to do so; and



Case ID: 260404102

o) Disregarding unsafe conditions on the subject property, including the sidewalk, that posed an unreasonable risk of harm to Plaintiff and other pedestrians, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

27. Due to the negligence of Defendants, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

28. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendants, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries, and will continue to be obligated to do so for an indefinite time into the future.

29. The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendants, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages, together with all lawful interest, costs, and damages for pre-judgment delay.

**MORGAN & MORGAN, PLLC.**

Dated: April 28, 2026

**BY:** /s/ *Joseph Z. Swist*
**JOSEPH Z. SWIST**
**Attorney for Plaintiff**

**VERIFICATION**

I, **Joanne Poole**, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Dated: 4/28/2026 | 11:05 AM EDT

By: ______________________
Joanne Poole